UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIX JIMMEYE, III,<br><br>        Petitioner,<br><br>    v.<br><br>BYRD, Warden,<br><br>        Respondent. | Case No.   1:23-cv-00252-JLT-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 17) |

      Petitioner Ellix Jimmeye, III ("Petitioner"), a state prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). In response, Respondent filed a Motion to Dismiss and lodges the state court record in support. (Doc. Nos. 17, 18). Petitioner did not file an opposition to the Motion to Dismiss. (*See* docket). For the reasons set forth more fully below, the undersigned recommends the district court grant Respondent's Motion to Dismiss and dismiss the Petition as time barred and/or unexhausted.

## I. BACKGROUND

      In 2002, Petitioner was convicted of various sexual offenses involving a minor (Cal. Penal Code §§§§ 269(a)(1), 288a(c)(1), 289(a)(1), 288(b)(1)) in Kings County Superior Court. (Doc.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

No. 1 at 2; Doc. No. 18-2 at 2). Petitioner was sentenced to 15 years to life on one count, and consecutive 6-year terms on two of the additional counts. (*Id*.). On April 3, 2003, the California Court of Appeal, Fifth Appellate District, affirmed the conviction and sentence; and on June 11, 2003, the Supreme Court of California denied a petition for review. (Doc. Nos. 18-2, 18-4). Other than his direct appeal, Petitioner admits he has not filed any collateral challenges related to his conviction or sentence. (Doc. No. 1 at 6).

Although docketed on February 13, 202, the Petition is deemed constructively filed on February 8, 2023.[2] (Doc. No. 1). The Petition sets forth two grounds for relief: (1) ineffective assistance of counsel, and (2) prosecutorial misconduct. (*Id*. at 3-4). Respondent moves to dismiss the Petition as untimely and unexhausted. (Doc. No. 17). Petitioner did not file a response to the motion, nor request an extension of time to respond, and the time for doing so has expired. (*See* Doc. No. 12 at ¶ 4, advising Petitioner that he has twenty-one (21) days to file a response if Respondent files a motion to dismiss).

## II. APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

////

////

---

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner signs the application and delivers it to prison authorities for forwarding to the clerk of court. *Houston v. Lack*, 487 U.S. 266 (1988).

**A. Petition Not Timely Filed Under AEDPA's Statute of Limitations**

Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). For most habeas petitioners, the one-year clock starts to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] 42 U.S.C. § 2244(d)(1)(A). Here, the California Supreme Court denied review on June 11, 2003. (Doc. No. 18-4). Thus, direct review concluded on September 9, 2003, when the ninety (90) day period for seeking review in the United States Supreme Court expired. *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983); U.S. Sup. Ct. R. 13. For the purposes of § 2244(d)(1)(A), AEDPA's one-year statute of limitations began running the next day on Wednesday, September 10, 2003. (Doc. No. 24 at 3). Thus, absent statutory or equitable tolling, Petitioner had until Friday, September 10, 2004 to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001) (adopting anniversary method to calculate

---

[3] Without explanation or elaboration, in response to whether the Petition includes claims not raised on appeal Petitioner states, "new evidence." (Doc. No. 1 at 5). While § 2244(d)(1)(D) allows for the limitations period to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," Petitioner offers no supporting facts concerning "new evidence," when it could have been discovered, and whether he exercised due diligence. Thus, despite liberally construing the Petition, there is no basis for the Court to find a later trigger date based on "new evidence" under § 2244(d)(1)(D).

3

one-year statutory period).  Petitioner constructively filed his federal petition on February 4, 2023, more than 18 years past the one-year limitations period.[4]  Thus, absent any applicable tolling, the instant petition is barred by the statute of limitations.

As pointed out by Respondent, Petitioner did not file any state post-conviction actions to statutorily toll the limitation period.  (Doc. No. 17 at 2 n.2).  Nonetheless, AEDPA's statutory limitations period may be equitably tolled.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  Equitable tolling is available if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649.  To show "extraordinary circumstances," a petitioner must show that "the circumstances that caused his delay are both extraordinary and beyond his control"—a high threshold.  *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016).  "The requirement that extraordinary circumstances 'stood in [a petitioner's] way' suggests that an *external* force must cause the untimeliness.  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (emphasis added).  Furthermore, a petitioner must show that the extraordinary circumstances *caused* the untimely filing of his habeas petition.  *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (explaining that equitable tolling is available only when the extraordinary circumstances were the cause of the petitioner's untimeliness); *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question.'").

To demonstrate that he has been pursuing his rights diligently, a petitioner must show that he has "been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99.  In other words, "when [a petitioner] is free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id*. at 599.  The diligence required for equitable tolling does not have to be maximum

---

[4] A total of 6725 days (18 years, 4 months and 29 days) elapsed between the date Petitioner's conviction and sentence was final and the date he constructively filed the Petition.

feasible diligence, but rather reasonable diligence. *Holland*, 560 U.S. at 653.  And the court is not to impose a rigid impossibility standard on petitioners, especially pro se prisoner litigants "who have already faced an unusual obstacle beyond their control during the AEDPA litigation period." *Fue v. Biter*, 842 F.3d 650, 657 (9th Cir. 2016) (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013)).  However, "in every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Davis*, 953 F.3d at 601.  Admittedly, "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1062, 1066 (9th Cir. 2002) (citations omitted).

Here, in the section of the Petition asking for explanation of "any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition," Petitioner states "do [sic] to income and mental health (see attached)." (Doc. No. 1 at 6).  Petitioner offers no argument whatsoever as to how "income" or "mental health" prevented the timely filing of his Petition to be entitled to equitable tolling. *See Smith*, 953 F.3d at 599.  Nor are there any attachments to the Petition.  Further, as noted supra, Petitioner elected not to file a reply to the Motion to Dismiss. Thus, to the extent Petitioner argues equitable tolling applies, the undersigned finds Petitioner fails to carry his burden of demonstrating extraordinary circumstances.

Based on the foregoing, the undersigned recommends the Petition be dismissed as time barred under AEDPA.

**B. Failure to Exhaust Administrative Remedies**

Although the Petition is clearly time-barred, in an abundance, the undersigned addresses the second ground for dismissal raised by Respondent—failure to exhaust.  A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1).  Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006).  The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  To satisfy the exhaustion

requirement, a petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Petitioner concedes that he has not sought administrative review at any level, and other than his direct appeal he did not filed any petitions, applications, or motions with respect to his conviction in any court. (Doc. No. 1 at 5-6). Based upon the state court record, and as noted by Respondent, the petition for review in the California Supreme Court raised two trial court error claims. (Doc. No. 17 at 3; Doc. No. 18-3). Thus, neither of the grounds raised in the Petition (ineffective assistance of counsel or prosecutorial misconduct) was raised before the state courts. Accordingly, because the grounds raised in the Petition have not been exhausted as required by 28 U.S.C. § 2254(b)(1), the undersigned additionally recommends the Petition be dismissed for failure to exhaust administrative remedies.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to substitute Tammy L. Campbell as Respondent in this matter.

Additionally, it is **RECOMMENDED**:

2. Respondent's Motion to Dismiss (Doc. No. 17) be **GRANTED**.

3. The Petition (Doc No. 1) be dismissed as untimely; or in the alternative, for failure to exhaust administrative remedies.

4. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 31, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE