1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 ELLIX JIMMEYE, III, | ) | Case No.:  1:23-cv-0252 JLT HBK (HC) |
| 12            Petitioner, | ) ) | ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING |
| 13      v. | ) ) ) | RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS |
| 14 BYRD, Warden, | ) ) | CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE |
| 15            Respondent. | ) ) | CERTIFICATE OF APPEALABILITY |
| 16 | ) ) | (Docs. 1, 17, 19) |

17        Ellix Jimmeye III is a state prisoner proceeding pro se with a petition for writ of habeas

18 corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  Respondent moved to dismiss the petition,

19 asserting it was untimely and unexhausted.  (Doc. 17 at 2-4.)  The matter was referred to a United

20 States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On November 1, 2023, the assigned magistrate judge found any petition by Petitioner

22 should have been filed no later than September 10, 2004, and the petition in this action was filed

23 "more than 18 years past the one-year limitations period." (Doc. 19 at 3-4.)  The magistrate judge

24 found there were no grounds identified to toll this limitations period.  (*Id.* at 4-5.)  Therefore, the

25 magistrate judge recommended that the Petition be dismissed as time barred.  (*Id.* at 5, 7.)  In

26 addition, the magistrate judge noted, "Petitioner concedes that he has not sought administrative

27 review at any level, and other than his direct appeal he did not filed any petitions, applications, or

28 motions with respect to his conviction in any court." (*Id.* at 6.)  Thus, the magistrate judge found

1    the claims were also unexhausted and recommended dismissal for Petitioner's failure to exhaust

2    administrative remedies.  (*Id.*)  Finally, the magistrate judge recommended the Court not issue a

3    certificate of appealability.  (*Id.* at 7.)

4         The Court served the Findings and Recommendations on all parties and notified them that

5    any objections were due with 14 days.  (Doc. 19 at 7.)  The Court also informed the parties that

6    the "failure to file objections within the specified time may result in the waiver of rights on

7    appeal."  (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Petitioner did

8    not file objections, and the deadline to do so expired.

9         According to 28 U.S.C. § 636 (b)(1)(C), the Court performed a *de novo* review of the

10   case.  Having carefully reviewed the entire matter, the Court concludes that the Findings and

11   Recommendations are supported by the record and proper analysis.  The Court agrees the Petition

12   should be dismissed—both as untimely and unexhausted—and a certificate appealability should

13   not issue.

14        The federal rules governing habeas cases brought by state prisoners require a district court

15   issuing an order denying a habeas petition to either grant or deny a certificate of appealability.

16   *See* Rules Governing § 2254 Case, Rule 11(a).  A prisoner seeking a writ of habeas corpus has no

17   absolute entitlement to appeal, as an appeal is only allowed in certain circumstances.  *Miller-El v.*

18   *Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas

19   appeals from state prisoners only with a certificate of appealability).  A judge shall grant a

20   certificate of appealability "only if the applicant has made a substantial showing of the denial of a

21   constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy

22   this standard, 28 U.S.C. § 2253(c)(3).  In the present case, the Court finds that reasonable jurists

23   would not find the rejection of Petitioner's claims to be debatable or conclude that the petition

24   should proceed further.  Based upon the foregoing, the Court **ORDERS**:

25        1.    The Findings and Recommendations issued on November 1, 2023 (Doc. 19) are

26              **ADOPTED** in full.

27        2.    Respondent's Motion to Dismiss (Doc. 17) is **GRANTED**.

28        3.    The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.

2

4.      The Court declines to issue a certificate of appealability.

5.      The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **December 1, 2023**

UNITED STATES DISTRICT JUDGE